THEODORE R. GIERGIELEWICZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Giergielewicz v. Commissioner
Docket No. 14995-81.
United States Tax Court
T.C. Memo 1982-172; 1982 Tax Ct. Memo LEXIS 573; 43 T.C.M. (CCH) 981; T.C.M. (RIA) 82172; April 6, 1982. Theodore R. Giergielewicz, pro se. Francis J. Strapp, Jr., for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: This case is before the Court on the respondent's motion to dismiss for lack of jurisdiction. The only question to be decided is whether or not the petition was timely filed under section *574 6213. [1]
For the year 1978, Theodore R. Giergielewicz (hereinafter referred to as the petitioner) and Linda J. Giergielewicz, filed a joint income tax return. The petitioner resided at 293 English Court, Bridgewater, New Jersey 08807, at the time the return was filed, as well as when the petition was filed herein. By error, however, the address shown on the return was 203 English Court, Bridgewater, New Jersey 08807. On March 19, 1981, the respondent mailed a deficiency notice to the petitioner and Linda J. Giergielewicz at the erroneous address shown on the return. The notice was received by the petitioner, but its receipt was delayed by about two weeks, apparently because of the incorrect address. The petitioner testified that, shortly after the receipt of the notice, he sent a letter to the Tax Court asking "them to send me any papers that I had to sign;" that receiving no reply to his letter he called the Tax Court on or about June 16 or 17, 1981, and asked "about my papers I sent in for;" that he was advised that "they had nothing on file in Washington, *575 D.C. for me and they expected me to right away mail out a petition;" and that he mailed to the Tax Court on June 19, 1981 the letter which has been treated as the petition in this case. The "petition" was received by the Tax Court on June 23, 1981, and the envelope in which it was received bears the postmark of June 19, 1981. Failure by a taxpayer to file the petition within the 90-day period provided by section 6213(a) will result in the dismissal of the case since timely filing has been held to be a prerequisite to the jurisdiction of this Court. , affg. a Memorandum Opinion of this Court; ; . The petition in this case was not received by the Tax Court until 96 days after the deficiency notice was mailed to the petitioner and his wife. Furthermore, the petition was postmarked 92 days after the deficiency notice was mailed. [2] Although petitioner purportedly wrote to this Court within the 90-day period and requested that he be sent any necessary papers, we were not shown any evidence *576 of this correspondence. Moreover, even if we had been shown such correspondence, petitioner does not suggest that it would have served as a petition. Thus, the only petition received by this Court from petitioner was filed more than 90 days after the notice of deficiency was mailed. We have no authority to extend the period provided by law for filing a petition and this is true "whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period." . Since the petition was not timely filed, we do not have jurisdiction over this case. See ;;
*577 The fact that the deficiency notice was not addressed to petitioner's place of residence does not change this result because the respondent is required to mail the deficiency notice to the last known address of the taxpayer. Section 6212(b)(1). The respondent's determination of a taxpayer's last known address can be based upon the documents submitted to him by the taxpayer. , affd. without published opinion (9th Cir., 1972). Thus he can rely upon the address shown on the taxpayer's return until he is notified that such address has changed. , affd. without published opinion, . We conclude that the petition in this case was not timely filed. Consequently, the respondent's motion to dismiss the petition for lack of jurisdiction in this Court will be granted. [3]
*578 An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Consequently, the petitioner cannot qualify for relief under section 7502(a)(1) which provides that if any document required to be filed within a prescribed period under the authority of any provision of the Internal Revenue Code is delivered by the United States mail to the office with which such document is required to be filed, the date of the United States postmark stamped on the cover in which such document is received shall be deemed to be the date of delivery of the document. Since the postmark in this case is also more than 90 days after the mailing of the deficiency notice, this section is of no benefit to the petitioner.↩
3. This decision does not deprive the petitioner of the right to contest the respondent's determination because he can still litigate the matter in an appropriate refund suit before the District Court or the Court of Claims. ; .↩